UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DON JUAN MAXWELL, | ) |
| Movant, | ) |
| vs. | ) No. 4:08-CV-62 (CEJ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is the amended motion of Don Juan Maxwell, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct sentence. The United States has filed a response in opposition, and the issues are fully briefed.[1]

## Background

On October 11, 2005, a jury found Maxwell guilty of possession with intent to distribute 50 grams or more of cocaine base (Count I) and possession with intent to distribute heroin (Count II), both in violation of 21 U.S.C. § 841(a)(1). The jury was unable to reach a verdict on two additional counts that charged Maxwell with being a felon in possession of a firearm (Count III) and possessing a firearm in furtherance of a drug trafficking crime (Count IV). On February 17, 2006, Maxwell was sentenced to an aggregate term of 300 months' imprisonment. The judgment was affirmed on appeal. United States v. Maxwell, 473

---

[1] Movant sought leave to file "a relationback" pursuant to Federal Rules of Civil Procedure 15(c)(2), which the Court construed and granted as a motion to amend the § 2255 motion.

F.3d 868 (8th Cir.), cert. denied, 550 U.S. 952 (2007).

In the present motion, Maxwell asserts a claim of denial of effective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a movant must first show that counsel's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. See also Coleman v. U.S., 2005 WL 3021104 (E.D. Mo. 2005).

The standard has been defined by the United States Court of Appeals for the Eighth Circuit as follows:

> "An ineffective assistance claim generally requires two showings. 'First, the defendant must show that counsel's performance was deficient.' Strickland, 466 U.S. at 687, 104 S.Ct. 2052. This entails 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Id. Second, the defendant must show prejudice. Id. To show prejudice, he or she must prove that 'counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable.' Id. accord Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.)."

Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004). A movant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Ordinarily, if the movant does not show prejudice, it is not necessary to address whether counsel's

2

performance was deficient. United States v. Apfel, 97 F.2d 1074, 1076 (8th Cir. 1996); DeRoo, at 925.

Maxwell asserts that his attorney failed to make an effective challenge to the government's exercise of its peremptory strikes in an alleged racially discriminatory manner. See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). At trial, the government exercised its peremptory strikes to remove three of five African-American venirepersons. Of the two remaining African-Americans, one was struck by the defense and the other served on the jury and deliberated.

Maxwell's counsel made a timely Batson challenge, and the district court found that he had presented a prima facie case of racial discrimination. However, after hearing the government's explanation of its race-neutral reasons for striking the African-American venirepersons, the district court denied the Batson challenge. Thereafter, defense counsel presented the Batson issue on direct appeal. Given these circumstances, Maxwell cannot establish that his attorney's performance fell below an objective standard of reasonableness, nor can he establish prejudice.

Maxwell's second complaint is that his counsel did not file a motion for a new trial pursuant to Federal Rules of Evidence 33(a). He suggests that the district court would have granted a new trial because the verdicts were inconsistent.

The jury's inability to reach a verdict on the firearms counts is not

inconsistent with its verdict on the drug counts. There was substantial evidence to support the jury's determination of guilt on the drug counts. Additionally, there is no indication that the trial court would have found any inconsistency and granted a new trial on that basis. Thus, there is no reasonable probability that a motion for a new trial would have been granted.

Had defense counsel succeeded in obtaining a new trial, the government would have had a second opportunity to prosecute Maxwell for the firearms counts on which the jury was stalemated. This would have exposed Maxwell to the possibility of being convicted of additional crimes. Maxwell can hardly claim to have been prejudiced by his attorney's failure to subject him to the risk of a longer sentence of imprisonment.

For the foregoing reasons, the Court concludes that Maxwell is not entitled to relief pursuant to 28 U.S.C. § 2255. Additionally, the Court finds that Maxwell has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

Dated this 12th day of May, 2010

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE